UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

TIANRUI (INTERNATIONAL) HOLDING COMPANY LIMITED,

Applicant.

Case No. 19-mc-00545-JMF

ORDER CONCERNING BRIEFING SCHEDULE FOR
CHINA SHANSHUI CEMENT GROUP LIMITED'S
MOTION TO STAY AND/OR QUASH

WHEREAS, on November 22, 2019, Tianrui (International) Holding Company Limited (the "**Applicant**") filed an *ex parte* application (the "**Application**") pursuant to 28 U.S.C. § 1782 ("**Section 1782**") seeking this Court's permission to serve subpoenas (the "**Section 1782 Subpoenas**") on Citibank, N.A., the Bank of New York Mellon, Société Générale, HSBC Bank USA, N.A., BNP Paribas USA, JPMorgan Chase Bank, N.A., Barclays Bank PLC, Deutsche Bank Trust Co. Americas, Bank of Nova Scotia, UBS AG, Bank of America, N.A., Standard Chartered Bank, Commerzbank AG, and the Clearing House Payments Company LLC (collectively, the "**Respondents**"), *see* Dkt. No. 1;[1]

WHEREAS, the Applicant seeks to use any discovery material produced by the Respondents in response to the Section 1782 Subpoenas in a legal proceeding (the "**Cayman**

---

[1] References to a "Dkt. No." or "Dkt. Nos." that are unaccompanied by a case caption refer to the Court's docket numbers in the above-captioned miscellaneous proceeding (the "**Section 1782 Proceeding**").

Petition") involving the Applicant and China Shanshui Cement Group Limited ("**CSC**," and, with the Applicant, the "**Parties**") pending before the Grand Court of the Cayman Islands (the "**Grand Court**") identified as cause number FSD 161 of 2018, *see* Dkt. No. 4 ¶ 19, Dkt. No. 10 at 1 & n.1, Dkt. No. 10 at 10;

WHEREAS, on August 13, 2019, CSC filed papers (the "**Strike Out Motion**") in the Grand Court seeking, *inter alia*, to strike out the Cayman Petition because of a related legal proceeding also taking place before the Grand Court (the "**Cayman Writ Action**," and with the Cayman Petition, the "**Cayman Proceedings**") or, in the alternative, to stay the Cayman Proceedings in favor of legal proceedings taking place before the High Court of Hong Kong Special Administrative Region, Court of First Instance;

WHEREAS, on November 26-28, 2019, a hearing on CSC's Strike Out Motion took place before the Grand Court, and the Grand Court has since informed the Parties that it expected to issue a judgment on the Strike Out Motion (the "**Grand Court Decision**") in early-to-mid January 2020, *see* Dkt. No. 16 at 4-5;

WHEREAS, on November 26, 2019, this Court issued an *ex parte* order (the "**November 26 Order**") authorizing the Applicant to serve the Section 1782 Subpoenas on the Respondents, but requiring the Applicant to provide actual notice and courtesy copies of the Section 1782 Subpoenas, the Application, and supporting documents to the party or parties against whom the requested discovery is likely to be used before serving the Section 1782 Subpoenas on Respondents, *see* Dkt. No. 7;

WHEREAS, on December 20, 2019, the Applicant filed an affidavit of service indicating that, pursuant to the November 26 Order, the Applicant served the Section 1782 Subpoenas, the

Application, and supporting documents on CSC and ten additional individuals and entities, *see* Dkt. No. 8;

WHEREAS, on December 20, 2019, CSC filed a motion and supporting memorandum of law seeking to intervene in this Section 1782 Proceeding for purposes of, *inter alia*, filing an anticipated motion or motions (collectively, the "**CSC Motion(s)**") to quash the Section 1782 Subpoenas and/or stay the Section 1782 Proceeding, *see* Dkt. No. 11, Dkt. No. 16;

WHEREAS, on December 26, 2019, this Court entered an order (the "**Administrative Stay Order**") ordering that the Respondents shall not comply with the Section 1782 Subpoenas unless and until this Court orders otherwise, and requiring the Parties to meet and confer and to submit a joint letter proposing the next steps in this Section 1782 Proceeding, including a proposed briefing schedule for the forthcoming CSC Motion(s), *see* Dkt. No. 18;

WHEREAS, on December 26-27, 2019 the Applicant filed affidavits of service stating that the Applicant served a copy of the Administrative Stay Order on each of the Respondents, *see* Dkt. Nos. 19-40;

WHEREAS, on December 30 and 31, 2019, the Applicant and CSC met and conferred to discuss the next steps in the Section 1782 Proceedings, and the Applicant informed CSC that, once the Grand Court's Decision is issued, it may seek leave to amend the Application to use the discovery obtained through the Section 1782 Subpoenas in other pending non-US actions proceeding in Hong Kong or in the Cayman Islands; and

WHEREAS, the Parties have met and conferred about the next steps in this Section 1782 Proceeding, including a proposed briefing schedule for the forthcoming CSC Motion(s) and have agreed to the proposed briefing schedule as set forth herein.

NOW THEREFORE, IT IS HEREBY ORDERED BY THIS COURT THAT:

1. The CSC Motion(s) and any papers in support thereof shall be due on February 12, 2020.

2. The Applicant's papers in opposition to the CSC Motion(s) shall be due on March 4, 2020.

3. Any reply papers in further support of the CSC Motion(s) shall be due on March 16, 2020.

4. The Parties each reserve the right to seek relief from this Order if any person, including any person other than CSC upon which the Applicant served a copy of the Section 1782 Subpoenas, the Application, and supporting documents pursuant to the November 26 Order, seeks to intervene in this Section 1782 Proceeding, and such Party has a good faith belief that such intervention may impact this scheduling Order, or the arguments it has advanced (or could advance) in connection with the CSC Motion(s).

5. If the Applicant intends to amend its Application so as to seek to use the discovery it seeks through this Section 1782 Proceeding in connection with any proceeding other than the proceeding indicated in its Application, or if the Applicant seeks to amend its Application in response to the Grand Court Decision, then it must so inform CSC in writing no later than fourteen (14) days after the Grand Court Decision is issued. However, if the Grand Court Decision is issued on or after January 23, 2020, then the deadlines in paragraphs 1-3 above shall be extended by one day for each day after February 5, 2020 that passes without the Applicant informing CSC of whether it intends to seek to Amend its Application.

6. If the Applicant timely informs CSC that it will seek to amend its Application, as provided in paragraph 5 above, then the deadlines in paragraphs 1-4 above are adjourned until further order of this Court. Promptly after the Applicant timely informs CSC in writing of such

intent, the Parties shall meet and confer to discuss scheduling and next steps, and within one week after the Applicant so informs CSC, the Parties shall submit a joint scheduling letter to the Court proposing next steps, including a proposed amended briefing schedule for the CSC Motion(s).

7. Each Party reserves all rights to seek consent from the other Party or relief from the Court with respect to this Order (i) if the Grand Court Decision is not issued by January 31, 2020, or (ii) to account for the effects of the Grand Court Decision, no matter when the Grand Court Decision is issued.

8. If any Respondent produces any discovery material before this Court lifts the stay of discovery (the "**Discovery Stay**") that currently is in place pursuant to the Administrative Stay Order, then the attorneys for the Applicant shall not open or review any such discovery material, and shall retain all such discovery material on an attorneys-only basis, without providing any such discovery material to the Applicant unless and until the Discovery Stay is lifted and discovery is otherwise authorized in this Section 1782 Proceeding.

SO ORDERED.

Dated: January 6, 2020
      New York, New York

_____
JESSE M. FURMAN
United States District Judge