UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>TIANRUI (INTERNATIONAL) HOLDING COMPANY LIMITED,<br><br>Applicant. | Case No. 19-mc-00545-JMF |

# AMENDED PROTECTIVE ORDER[1]

**WHEREAS**, on November 22, 2019, Tianrui (International) Holding Company ("**Applicant**") filed its *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "**Application**" (Dkt. No. 1)), seeking discovery in aid of the proceeding pending before the Grand Court of the Cayman Islands, Cause No. FSD 161 of 2018;

**WHEREAS**, Applicant sought in its Application to serve fourteen financial institutions (the "**Respondents**")[2] with subpoenas (the "**1782 Subpoenas**," and any documents or information produced in response, the "**1782 Discovery**") for records of wire transfers initiated in or received

---

[1] Upon review of the parties' proposed protective orders and accompanying letters, the Court is persuaded by the majority of Applicant's arguments and thus accepts its proposal in large part, subject to the following exception: The Court does not foreclose the possibility that Discovery Material may be commercially sensitive even if it does not refer directly to Intervenors and has modified Applicant's proposed order accordingly.

[2] Respondents are Citibank, N.A., the Bank of New York Mellon, Société Générale, HSBC Bank USA, N.A., BNP Paribas USA, JPMorgan Chase Bank, N.A., Barclays Bank PLC, Deutsche Bank Trust Co. Americas, Bank of Nova Scotia, UBS AG, Bank of America, N.A., Standard Chartered Bank US, Commerzbank AG US, and the Clearing House Payments Company, LLC.

on or after July 1, 2018, by twelve entities and people, including China Shanshui Cement Group Limited ("**CSC**") and China National Building Materials Co. Limited ("**CNBM**") (together, "**Intervenors**");

**WHEREAS**, on November 26, 2019, United States District Court Judge Jesse F. Furman (the "**Court**") of the Southern District of New York ("**SDNY**") issued an order (Dkt. No. 7), granting the Application without prejudice to reconsideration upon any timely filed motion to quash and requiring Applicant to provide notice and copies of the Application, the 1782 Subpoenas, and all supporting papers to all persons whose information is sought in the 1782 Subpoenas;

**WHEREAS**, on April 24, 2020, Applicant filed its Amended Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "**Amended Application**" (Dkt. No. 72)), seeking the 1782 Discovery that Applicant contends is for use in (i) the proceeding pending before the Grand Court of the Cayman Islands, Cause No. FSD 161 of 2018 ("Cayman Petition"), (ii) an additional lawsuit that Applicant commenced against CSC in the Grand Court of the Cayman Islands in May of 2019 ("Cayman Writ Action") and a lawsuit that CSC commenced on March 29, 2019 before the High Court of the Hong Kong Special Administrative Region, Court of First Instance against the Applicant and its related entities and personnel ("Second Hong Kong Proceeding") (collectively the "Non-U.S. Proceedings");

**WHEREAS**, on October 22, 2020, the Court issued an order (the "**SDNY Order**" (Dkt. No. 102)) granting the Amended Application, "subject to an appropriate protective order," and, subject to Applicant's agreement to limit the proposed subpoenas to records regarding wire transfers conducted between June 2018 and December 2018;

**WHEREAS**, Applicant is a direct competitor of CSC and CNBM in the Chinese cement

market, which is highly competitive in nature;

**WHEREAS**, Applicant and CNBM are each shareholders of CSC;

**WHEREAS**, on June 1, 2020 and June 26, 2020, respectively, CSC and CNBM filed motions, seeking, *inter alia*, a protective order that provided for, *inter alia*, the attorneys'-eyes-only treatment of all documents and information produced by Respondents so that Applicant does not become privy to the confidential and competitively sensitive information of its competitors, including CSC and CNBM (Dkt. Nos. 86-87, 90-91);

**WHEREAS**, on July 17, 2020, Applicant opposed the requests for protective order by CSC and CNBM in general and as outlined in their respective requests (Dkt. No. 92);

**WHEREAS**, other than Intervenors, no other person or entity whose information was sought by Applicant in the 1782 Subpoenas filed any papers with this Court;

**WHEREAS**, in the SDNY Order, the Court granted Intervenors' respective "motions for a protective order to address their concerns regarding potential harm from disclosure of commercially sensitive information among competitors in the cement market,"

**WHEREAS**, in the SDNY Order, the Court ordered counsel for CSC, CNBM, and Applicant (together, the "**Parties**") to meet and confer and submit a proposed protective order for the Court's consideration;

**WHEREAS** the Court ordered further in the SDNY Order that, in the event of any disputes as to the content of the proposed protective order, the Parties shall simultaneously file their preferred versions on ECF accompanied by letter-briefs explaining and justifying their positions; and

**WHEREAS** the Parties have met and conferred in good faith.

**IT IS HEREBY ORDERED**, pursuant to 28 U.S.C. § 1782 and Federal Rule of Civil

3

Procedure 26(c), as follows:

1. **<u>Scope</u>**

This Protective Order applies to, and is intended to protect, documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule), that are produced or disclosed by the Respondents pursuant to the 1782 Subpoenas in accordance with the SDNY Order (collectively, "**Discovery Material**"). Discovery Material also includes excerpts, summaries, compilations, or other derivatives of Discovery Material.

2. **<u>Use of Discovery Material, Generally</u>**

Discovery Material shall be used exclusively in the course of the Non-U.S. Proceedings and for no other purpose. Neither Applicant nor Intervenors shall provide or disclose Discovery Material to the general public, including any reporter or member of the press.

3. **<u>Initial Delivery of Discovery Material to Intervenors</u>**

Applicant shall produce any Discovery Material received from Respondents to counsel for CSC within three (3) business days of Applicant's receipt. Counsel for CNBM shall produce to counsel for Applicant a list of its affiliates within one week of the date of this Order. Applicant shall produce to counsel for CNBM the portion of any Discovery Material that references CNBM or any of its enumerated affiliates or an account shown to be held by CNBM or any of its enumerated affiliates (e.g., records of wire transfers to or from CNBM or any of its enumerated affiliates, or referencing an account shown to be held by CNBM or any of its enumerated affiliates), within five (5) business days of Applicant's receipt. To the extent that CNBM is added as a party to any Non-U.S. Proceeding, Applicant shall produce to CNBM within three (3) business days

any Discovery Material that it has not previously produced to CNBM.[3]

**4.      Initial Attorneys' Eyes Only Treatment**

Upon production, all Discovery Material shall bear the designation ATTORNEYS' EYES ONLY and be treated as Attorneys' Eyes Only Information accessible only by the Court and Outside Counsel.  Applicant shall ensure that such a designation is affixed to all Discovery Material within the earlier of three (3) business days of receipt or the date on which it provides Discovery Material to any Intervenor.

For purposes of this Protective Order, "Outside Counsel" means an external law firm retained by Applicant or Intervenors in connection with the 1782 Proceeding or the Non-U.S. Proceedings and agents of such external law firm acting under such counsel's supervision, including all attorneys, barristers, solicitors, retained consultants and non-testimonial expert witnesses (who execute an "Agreement to Abide by Protective Order" in the form attached hereto as Exhibit A), and staff, clerical and support personnel affiliated with or employed by the foregoing, but only to the extent such persons are involved in such representation.  For avoidance of doubt, Outside Counsel does not include any employees or personnel of Applicant or Intervenors.

**5.      Assertion of Harm From Disclosure of Discovery Material to Applicant**

On or before fourteen (14) days after Applicant has provided Intervenors with particular Discovery Material ~~referencing Intervenors~~, CSC or CNBM, as the case may be, shall notify counsel for Applicant in writing as to what portion, if any, of the Discovery Material ~~referencing~~

---

[3]     This paragraph was modified in light of the Applicant and CNBM's letter motions of November 13, 2020, and November 18, 2020.  *See* ECF Nos. 110, 112, 113.  The protective order otherwise remains the same.

~~Intervenors~~ they claim is commercially sensitive information that should not be disclosed to Applicant because Applicant is a competitor in the cement market and such disclosure may cause harm (each a "Notice of Confidentiality"), failing which counsel for Applicant may provide such Discovery Material to Applicant.

In the event a Notice of Confidentiality is sent, counsel for Applicant and CSC or CNBM, as the case may be, shall meet and confer in good faith regarding such Notice of Confidentiality with an attempt to resolve such dispute. In the event such dispute is resolved, the applicable parties shall memorialize such resolution in writing which resolution shall bind the Parties. For the avoidance of doubt, any Discovery Material the Parties agree contains confidential commercially sensitive information shall remain designated "Attorneys' Eyes Only." In the event such dispute cannot be resolved through such meet and confer, either Applicant or CSC or CNBM, as the case may be, within twenty one (21) days after such meet and confer, may request this Court to resolve such dispute. The parties may extend these timeframes by agreement in writing.

Any party seeking to file any Discovery Material referring to Intervenors with this Court shall make a request to file such materials under seal. Nothing herein shall preclude Applicant or Intervenors to seek relief from the court in either of the Non-U.S. Proceedings regarding the use of Discovery Material in such Non-U.S. Proceeding as provided below.

**6.     Disclosure of Discovery Material in Non-U.S. Proceedings**

In the event Applicant wishes to disclose Discovery Material ~~referencing Intervenors~~ in the Non-U.S. Proceedings beyond review by Outside Counsel, counsel for Applicant shall advise Outside Counsel for CSC (both in this 1782 Proceeding and in the applicable Non-U.S. Proceeding) and seek agreement on the manner of such disclosure.

If Applicant seeks to disclose such Discovery Material in connection with a court filing,

hearing, trial, proceeding, or appeal, and no agreement is reached with Outside Counsel for CSC, then Applicant shall seek an order from the court in such Non-U.S. Proceeding to file, admit into evidence, or disclose at a hearing or proceeding, as the case may be, such Discovery Material under seal or by equivalent procedure to prevent the disclosure of such Discovery Material to the general public.

Nothing herein precludes this Court from considering the rulings by the court(s) in the Non-U.S. Proceedings regarding the disclosure of Discovery Material in connection with any dispute regarding disclosure of Discovery Material to Applicant.

**7.     No Waiver or Limitation**

Nothing in this Protective Order shall be construed to limit Intervenors' use of their own documents, things, or information, nor shall anything in this Protective Order prevent (i) Intervenors from disclosing their own Discovery Material to any person, or (ii) Outside Counsel for the Intervenors from disclosing to Intervenors the Intervenors' own Attorneys' Eyes Only Information.

**8.     Inadvertent or Unintentional Disclosure of Protected Information**

If any Discovery Material is inadvertently or unintentionally disclosed in violation of this Protective Order, such violation shall not be deemed a waiver of its confidentiality.

If any Discovery Material is disclosed, inadvertently or otherwise, to a person other than as permitted by this Protective Order then: (i) the person disclosing the information shall use its best efforts to retrieve the information and ensure that any copies thereof disclosed to such other person or party are promptly destroyed; (ii) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing person; (iii) such person shall be identified immediately to the other Parties; and (iv) the person to whom disclosure was made shall be

requested to sign an Agreement to Abide by Protective Order in the form of Exhibit A hereto, a copy of which shall be provided to the other Parties.

Nothing in this Section shall affect the Parties' remedies under this Protective Order or otherwise for unauthorized disclosure of Discovery Material.

**9.      Compelled Disclosures of Discovery Material**

Nothing in this Protective Order shall prevent disclosure of Discovery Material if disclosure is compelled in response to a lawful subpoena, court order, or other legal process, provided that the person receiving such subpoena, order, or process gives notice and copies of same to counsel for Applicant and Intervenors promptly upon receipt of same.  Production under such subpoena, order, or process shall not be made sooner than fourteen (14) days after notice is provided unless compliance is required in fewer than fourteen (14) days. The person receiving such subpoena, order, or process shall advise the person requesting Discovery Material of the existence of this Protective Order and shall assert the confidentiality requirements of this Protective Order as a defense to any subpoena or legal process.

**10.     Disposition of Discovery Material at Conclusion of This Action**

Within sixty (60) days after the final conclusion of the Non-U.S. Proceedings, Outside Counsel for Applicant shall destroy all originals and reproductions of any Discovery Material ~~referencing Intervenors~~ and Outside Counsel for Applicant shall certify to Intervenors in writing that all such material has been destroyed to the best of its knowledge after due inquiry. In addition, any person that has received Discovery Material ~~referencing Intervenors~~ shall destroy any electronic copies of such Discovery Material within sixty (60)  days from the final conclusion of the Non-U.S. Proceedings, and Outside Counsel to Applicant shall certify to Intervenors in writing that all such material has been destroyed to the best of its knowledge after due inquiry.

Notwithstanding the foregoing, Outside Counsel are entitled to retain one (1) archival copy of the Discovery Material, which shall remain subject to this Protective Order.

**11.     Survival of Obligations**

All of the provisions of this Protective Order shall survive the conclusion of the Non-U.S. Proceedings and the 1782 Proceeding and shall continue to be binding after the conclusion of the Non-U.S. Proceedings unless subsequently modified by agreement among Applicant and Intervenors or by order of this Court.

The Non-U.S. Proceedings shall be deemed "concluded" when they have finally and completely terminated under their respective laws.

For purposes of enforcing this Protective Order and resolving any disputes arising hereunder, Applicant and Intervenors consent to continuing jurisdiction of the Court.

**12.     Relief from Protective Order**

Entry of this Protective Order shall be without prejudice to the request by any person:

a.     for relief from any restriction contained herein;

b.     for any order compelling or further restricting the production or use of any Discovery Material; or

c.     for any relief regarding the Discovery Material from the court in the Non-U.S. Proceedings that is not inconsistent with this Protective Order.

The Parties may amend or modify any provision of this Order by mutual agreement, which shall become effective when embodied in a written stipulation approved by this Court.

**13.     Persons Bound**

This Order shall take effect when entered and shall be binding upon Applicant, Intervenors, Outside Counsel, and persons made subject to this Order, including those who have executed Exhibit A.

The Clerk of Court is directed to terminate ECF Nos. 106, 110, 112.

**SO ORDERED.**

Dated: November 18, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re Application of

TIANRUI (INTERNATIONAL) HOLDING COMPANY LIMITED,

Applicant.

Case No. 19-mc-00545-JMF

---

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is _____

_____

2. My present occupation or job description is _____

_____

_____

3. I hereby acknowledge that I have read the PROTECTIVE ORDER in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

4. I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive or have already inadvertently received information designated as Discovery Material in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any Discovery Material or any notes containing Discovery Material to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly,

or allow the use of any Discovery Material for any purpose other than directly associated with my duties in this litigation.

5. I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting Discovery Material in a segregated place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of the Non-U.S. Proceedings or the completion of my assigned duties, whereupon the copies, including all electronic copies are to be destroyed. Such destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

6. I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, and clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any Discovery Material to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

7. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Southern District of New York ("the **SDNY**") in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER. I consent to such jurisdiction and agree to waive any and all arguments that the SDNY lacks jurisdiction to adjudicate, or is an inconvenient forum for, such a proceeding.

8. I further understand that the PROTECTIVE ORDER is enforceable under the laws of the United States. If I violate the PROTECTIVE ORDER in any manner, I may be subject to remedies and/or penalties as the SDNY deems appropriate.

Signature: _____

Date: _____